UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------X

WALTER KING,

        Plaintiff,

-against-

NEW YORK CITY, THE COMMISSIONER
OF THE NYC POLICE DEPARTMENT,
THE COMMISSIONER OF THE NYC
DEPARTMENT OF SOCIAL SERVICES,

        Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-2872 (ARR)

ROSS, United States District Judge:

Plaintiff, brings this *pro se* action under 42 U.S.C § 1983, alleging that defendants violated his civil rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court directs plaintiff to file an Amended Complaint within thirty (30) days of the date of this Memorandum and Order.

## BACKGROUND

Plaintiff alleges that on September 14, 1996 he was walking with a friend on Ralph Avenue in Brooklyn when he was stopped by police. Compl. ¶ 4. Plaintiff alleges that the police arrested him on suspicion of attempted murder. Id. Plaintiff claims that he was about to move into a new apartment that day with his son, who was to be released from foster care, and as a result of his arrest he "lost everything [he] had work[ed] towards ... due to a[n] unreasonable seizure and distention [sic]." Id. Plaintiff seeks $60,000,000 in damages and injunctive relief. Id. ¶ 5.

## DISCUSSION

A.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action is "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

In addition, as plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest arguments they suggest. Id. Even liberally construing plaintiff's complaint, the Court finds it deficient in several respects.

B. Personal Involvement

To state a cognizable claim under § 1983, a plaintiff must allege that he was deprived of his rights secured under the Constitution and laws of the United States by a defendant acting under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Dwares v. City of New York, 985 F.2d 94, 97 (2d Cir. 1993). It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). Plaintiff, however, only names New York City and the police and social services commissioners; he does not name the individual defendants who allegedly violated his constitutional rights.

C. Municipal Liability

In order to sustain a claim for relief under § 1983 against a municipal defendant, such as

2

New York City, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless the plaintiff can prove that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Plaintiff does not allege facts to demonstrate that his rights were violated as a result of any officially adopted policy or custom.

D. False Arrest

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. The underlying basis for the holding in Heck is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id. at 486. The principle applies to § 1983 actions "that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." Id.

Plaintiff's claim regarding his allegedly unlawful arrest may be barred under Heck. Police are not subject to § 1983 liability for false arrest where the disputed arrest was supported by probable cause. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). A prosecution and conviction, if not overturned, is

conclusive evidence that an arrest was supported by the requisite probable cause. Weyant, 101 F.3d at 852; Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) ("the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested"). Plaintiff does not allege the outcome of any prosecution resulting from his arrest for attempted murder. Accordingly, unless the charges against him were dismissed or overturned, his § 1983 false arrest claim may be foreclosed by Heck and dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

E. Statute of Limitations

Moreover, plaintiff's claims appear to be barred by the statute of limitations. Claims under § 1983 must be commenced within three years of the alleged violation. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). Under federal law, the statute of limitations begins to run at the time of the illegal act, or when plaintiff knew or should have known of the injury. See Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001); Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994).

A claim for false arrest accrues either: (1) at the time of the arrest, if evidence obtained as a result of the arrest was not necessary for a conviction; or (2) on the date the criminal proceeding was dismissed. Alvarez v. Doe, No. 03 Civ. 7740, 2004 WL 1874972, at *3 (S.D.N.Y. Aug.13, 2004) (citing Covington v. City of New York, 171 F.3d 117, 119 (2d Cir. 1999). Here, the actions plaintiff complains of occurred in 1996; plaintiff filed the instant action on June 9, 2005, well outside the three-year statute of limitations period. As set forth above, plaintiff does not allege the outcome of any prosecution or whether any subsequent conviction has been invalidated. Thus, this Court cannot determine whether plaintiff's claims are barred by the statute of limitations.

4

F.   Leave to Amend

Plaintiff may file an Amended Complaint as to his unlawful arrest claim, as long as this claim does not implicate the validity of plaintiff's conviction under Heck. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Plaintiff is hereby directed to file an Amended Complaint detailing his claims against the individuals who he claims violated his rights within thirty (30) days from the date of this Memorandum and Order.[1] Plaintiff's amended complaint must state the facts underlying his false arrest claim, including who was present and the outcome of the arrest. Plaintiff shall refer to any unidentified defendant as John or Jane Doe.[2] Each different event described by plaintiff should be set forth in a separately numbered paragraph.

Plaintiff is also directed to amend his complaint with regard to his claim against the City of New York. In order to succeed in a § 1983 claim against the City of New York, plaintiff must allege facts to demonstrate the existence of a municipal policy that led to his claimed deprivation of a constitutional right. See Brown, 520 U.S. at 403.

## CONCLUSION

Plaintiff is hereby directed to file an Amended Complaint containing the information specified above. Should plaintiff decide to file an Amended Complaint, it must be submitted to the Court within thirty (30) days from the date of this Order, be captioned as an "AMENDED

---

[1] Plaintiff may use the Amended Complaint form attached to this Order.

[2] Plaintiff is advised that naming John Doe defendants does not toll the statute of limitations governing actions under § 1983. Plaintiff shall be responsible for ascertaining the true identity of any John Doe defendant, having service made upon the defendant, and amending the complaint before the statute of limitations expires. Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996); see also Tapia Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999).

COMPLAINT" and bear the same docket number as this Order. No summons shall issue at this time. All further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this order. If plaintiff fails to comply with this order within the time allowed, the complaint shall be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

July 1, 2005

Dated: Brooklyn, New York

Allyne R. Ross
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

WALTER KING,

      Plaintiff,

 -against-

      Defendants.
---------------------------------------------------------------X

**AMENDED COMPLAINT**

05-CV-2872 (ARR)